**UNITED STATES of America,**
**Appellee,**

v.

**Dennis FORBES, Defendant–Appellant.**

**No. 06–1870–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 1, 2007.

M. Kirk Okay, Batavia, NY, for Appellant–Defendant.

Frank H. Sherman, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York, on the brief), Rochester, NY, for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Dennis Forbes ("Forbes") appeals from an April 12, 2006 order of the United States Court for the Western District of New York (Siragusa, J.), declining to resentence Forbes on remand pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). Forbes was convicted of: (1) conspiracy to distribute and possess with intent to distribute marijuana and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; and (2) the use of a minor to commit a drug trafficking crime in violation of 21 U.S.C. §§ 846 and 861(a)(1). He was sentenced principally to concurrent terms of life imprisonment, which fell within the applicable Sentencing Guideline range. We assume the parties' familiarity with the facts and procedural history of this case.

Forbes contends that "the district court either failed to apply the Section 3553(a) factors, or that the district court gave priority to the Guidelines calculation in its consideration of the sentencing factors."

We find no merit in Forbes's challenges to his sentence, which we review for reasonableness. *See United States v. Fernandez,* 443 F.3d 19, 25–26 (2d Cir.2006).

Here, the district court unambiguously stated in the April 12, 2006 order denying resentencing that it "considered the various factors set forth in 18 U.S.C. § 3553" and that "it would not impose a sentence that is 'non-trivially different' from that previously imposed." Moreover, there is no indication in the record that the district court gave undue weight to the Guidelines in relation to the balance of other sentencing factors. While no longer mandatory, the Guidelines remain an important consideration in arriving at a fair sentence and have not been rendered "a body of casual advice." *Crosby,* 397 F.3d at 113; *see also Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2464–65, 168 L.Ed.2d 203 (2007) (explaining that the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice . . . [and] it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.").

For the reasons discussed, the judgment of the district court is AFFIRMED.